## MERRIMACK PARK RECREATION ASSOCIATION, INC. *v.* COUNTY BOARD OF APPEALS

[No. 240, September Term, 1961.]

*Decided March 21, 1962.*

*Motion for rehearing filed April 4, 1962, denied April 18, 1962.*

The cause was argued before BRUNE, C. J., and HENDER-SON, PRESCOTT, MARBURY, JJ., and MENCHINE, Associate Judge, Third Judicial Circuit, specially assigned.

*Samuel B. Groner,* with whom was *Beverly Anne Davis,* on the brief, for appellant.

*Richard J. Sincoff, Assistant County Attorney,* with whom was *Alfred H. Carter, County Attorney for Montgomery County,* and *Douglas H. Moore, Jr., Assistant County Attorney,* on the brief, for appellee.

MENCHINE, J., by special assignment, delivered the opinion of the Court.

This is an appeal by Merrimack Park Recreation Association, Inc. (hereinafter called Merrimack) from an order of the Circuit Court for Montgomery County, dated August 16, 1961, dismissing Merrimack's appeal from a decision of the Montgomery County Board of Appeals (hereinafter called Board) and from the further order of that court passed on September 26, 1961, affirming and refusing to rescind its first order of dismissal.

Merrimack filed an appeal to the circuit court on May 26, 1961, from an order of the Board dated May 22, 1961. Also on May 26, 1961, Merrimack obtained an order of the Circuit Court for Montgomery County by which the time for filing its appeal petition and the transcript of record was extended to July 8, 1961. On August 4, Board filed its motion to dismiss the appeal upon the grounds: (a) that Merrimack had neglected and failed to file the bond required as a condition of a stay of the Board's order, and (b) that Merrimack had neglected and failed to file its petition upon appeal, contrary

to Rule 1101 e of the Maryland Rules of Procedure.

As to point (a) of Board's motion to dismiss, there is nothing in the rule which provides that failure to file a bond to stay the effect of the administrative board's order is a ground for dismissal of an appeal.

On August 11, 1961, Merrimack filed its petition and on August 14, 1961, the transcript of record was filed.

On August 17, 1961, the trial court dismissed the appeal. On August 21, 1961, Merrimack filed a motion for rehearing, reconsideration and to set aside dismissal, and on September 15, 1961, the trial court suspended the operation of the order of dismissal *nunc pro tunc* to the date of its issue pending rehearing. On September 26, 1961, the trial court passed its order affirming and refusing to rescind its dismissal of Merrimack's appeal.

Rule 1101 (now subtitle B) of the Maryland Rules of Procedure controls the decision here. The appeal from the Board was within the time prescribed in Rule 1101 d 1. (now B4 a).

The subsections of Rule 1101 found by the trial court to have required dismissal are:

> 1101 b 5 (now B2 e) "The appellant shall join with his order for appeal, or shall file with the clerk of the court, within ten days after filing the order, a petition setting forth the action appealed from, the error committed by the agency in taking such action, and the relief sought, and shall serve a copy thereof on the agency."
> 1101 e (now B5) "If the appellant shall fail to file his order for appeal within the time prescribed by section d of this Rule or any order issued pursuant thereto, or shall fail to file his petition within the time prescribed by section b 5 of this Rule, the court shall dismiss the appeal unless cause to the contrary be shown."

The record shows that counsel for Merrimack filed an affidavit in which he stated in part: (1) that prior to July 8, 1961 (the date to which an order of court had extended the

time for filing its petition and the record) he had prepared a proposed order of court to further extend the time for filing its petition and the record and presented the same personally to the Board's attorney for his consent thereon, so that it could be submitted to the court for its consideration and approval, and (2) that counsel for Board replied that there was no need to submit such an order but that counsel for Merrimack could have what time he needed so long as the required documents were filed a few days before the date of hearing.

A counter affidavit by counsel for Board was filed in which he stated in part: "I do not know whether or not a form of Court order requesting an extension of time for filing a petition was prepared by Mr. Groner, (2) I informed Mr. Groner that my position in the case was that there should be no delay in the trial of the case, (3) I did state, as Mr. Groner says, that we needed the petition filed within a few days before the date of the hearing."

The affidavits show also that there were numerous conversations subsequent to July 8, 1961, between counsel for Merrimack and counsel for Board; that the latter repeatedly requested the former to file the petition; and that in one of these conversations counsel for Merrimack indicated that the petition would be filed by Wednesday, August 2, 1961. However, nowhere in the record does it appear that counsel for Board made known to counsel for Merrimack that there was a retreat from his initial position that "we needed the petition filed within a few days before the date of the hearing". Nor is there any showing whatever that counsel for Board ever informed counsel for Merrimack that a deadline for the filing of the petition had been set by the former as of August 4, 1961, although counsel for Board acknowledges that he spoke to one of the counsel for Merrimack on August 3, 1961.

Portions of the affidavits relating to the telephone conversation between counsel for the parties on August 3, 1961 (the day before the motion to dismiss was filed) show:

(Of counsel for Merrimack) "I told Mr. Carter that we in our office were working on the petition to be filed and hoped to have it completed and filed soon. He said that there was no

particular rush so long as his man * * * had a couple of days before the trial to go over the petition."

(Of counsel for Board) "I do not recall indicating that there was no particular rush in filing the petition."

In dismissing the appeal the trial court stated:

"The appellee did what he had a right to do under Rule 1101 e, of the Maryland Rules of Procedure, and the Court, therefore, dismissed the appeal which the Rules require *shall* be done unless cause to the contrary be shown. The Court found no cause to the contrary then, nor does it find any such cause upon rehearing." (Italics the trial court's)

We disagree. We interpret the word "cause" as used in Rule 1101 d 1 (now B 4 a) to be identical in meaning to "good cause". The record here discloses that the action and inaction of counsel for Board, however inadvertent or innocent, lulled Merrimack into the position wherein its appeal was dismissed. See also Maryland Rule 825 d and cf. *Kay Construction Co. v. County Council for Montgomery County,* 227 Md. 479, 177 A. 2d 694 (1962). The facts and circumstances disclosed in this record amount to cause within the meaning of the Rule cited, and the exercise of a reasonable discretion required a rejection of the motion to dismiss.

The record makes clear that the sole issue here was the propriety of orders dismissing an administrative appeal and that the case was never submitted to or considered by the trial court on its merits. Despite this, the brief of the appellant is devoted in large measure to a discussion of the merits of the case, thus unnecessarily and improperly increasing the costs of this appeal. For this reason the costs will be divided.

> *Orders of dismissal reversed and cause remanded for hearing on the merits. Appellant and appellee each to pay one-half of the costs of this appeal.*