WARMACK, ᴇᴛ ᴀʟ. *v.* BRADLEY CLUB, INC.

[No. 328, September Term, 1965.]

*Decided April 28, 1966.*

The cause was argued before PRESCOTT, C. J., and MARBURY, OPPENHEIMER and McWILLIAMS, JJ., and CHILDS, J., Associate Judge of the Fifth Judicial Circuit, specially assigned.

*C. Edward Nicholson,* with whom were *Carl Lee Frederick, Jr.* and *Nicholson & Frederick* on the brief, for appellants.

*Joseph A. Lynott, Jr.,* for appellee.

CHILDS, J., by special assignment, delivered the opinion of the Court.

The operation of a helicopter has resulted in wholesale litigation involving the parties to this suit. In March of 1964, the appellee applied to the Montgomery County Board of Appeals for a special exception to operate a private club under Section 104-29 of the county's zoning ordinance. At the hearing it was revealed that the president of the corporation had used the proposed club's site as a base of operations for his own helicopter. The appellants, Warmack, Butterfield, Walston and Verdier, neighboring property owners, principally objected to the noise of the craft, and so the Board in granting the exception on August 14, 1964, at the appellee's suggestion, imposed a condition that no owner, member, employee, guest or anyone associated with the club should use a helicopter as a means of going to or from the proposed club. Under the ordinance the appellee is given one year in which to apply for a building permit. Appellants noted an appeal to the granting of the exception and that appeal is still pending before the lower court.

Thereafter, complaint was made to the Board that despite the condition as to helicopters, the appellee's president had landed

on the site on August 19th, and on August 26th the aircraft was flown from the site to another base of operations. The helicopter did, however, make other observation flights to the site without landing. When these facts had been established at a hearing, the Board on October 5, 1964 revoked the special exception previously granted. Appellee filed an order for appeal from the revocation on November 2, 1964, but failed to file its petition for appeal in the Circuit Court for Montgomery County until November 16, 1964. Rule B2 e required its filing within 10 days after the order for appeal. Appellants filed their motion to dismiss the appeal pursuant to Rule B5 which provides that the court shall dismiss the appeal, if the petition be not filed within the 10 days unless cause to the contrary be shown. The motion was heard and denied by Judge Kathryn Shook. A subsequent motion for reconsideration was also heard by Judge Shook with the same results. The appeal on its merits was then heard by Judge Anderson who reversed the Board and ordered the special exception reinstated. The property owners bring this appeal from that decision and ask our review of the court's action on the motion to dismiss the Club's appeal.

We do not reach the merits of Judge Anderson's findings nor the questions of law arising therefrom for we are of the opinion the appeal of the Club should have been dismissed.

Neither side availed itself of Rules 18c or 564 b 2 with respect to the motion to dismiss and the subsequent motion for reconsideration, and since Judge Shook filed no memorandum of the basis for having overruled the motions, we are deprived of the benefit of her reasoning. Nevertheless, we believe that our holdings in *Salisbury Bd. v. Bounds,* 240 Md. 547, 214 A. 2d 810, are controlling.

In that case, Bounds urged that the transcript of the testimony taken before the board was not filed or otherwise made available to him until ten days after the deadline for filing his petition had passed. He cited the alleged unavailability as "cause to the contrary." We held that the appellee in that case was not justified in waiting for the transcript before giving his reasons for appeal. We also held that Rules B2 e and B5 do not require a showing of prejudice to the adverse party as a prerequisite of the trial court's dismissing a late appeal. We stated

that Rule B5 plainly states that the trial court, in absence of cause to the contrary, *shall dismiss* the appeal for non-compliance with the time limit.

Appellee urges that this case should be controlled by *Toomey v. Gomeringer,* 235 Md. 456, 201 A. 2d 842 and *Stocksdale v. Barnard,* 239 Md. 541, 212 A. 2d 282. We do not agree. Both these cases dealt primarily with Rule B9 which relates to parties to the proceeding, other than the original appellant, who desired to participate in the appeal, or intervenors. As we pointed out in *Pearce v. Board of Liquor Commissioners,* 228 Md. 515, 180 A. 2d 651, the Administrative Procedure Act recognizes a distinction between time limitations in regard to the appearance of a party to a proceeding as opposed to an intervenor. Section 255 (b) of Article 41, Code (1957). In *Toomey* we stated at p. 459:

> "* * * The provisions of Rule B4 a and b with regard to the time for filing an appeal are generally similar to those of Rule B9 for the time of filing an answer. All use the word 'shall,' as does Rule B2 e, which deals in part with the time for filing a petition which, if not joined with, must follow an order for appeal. We note that Rule B4 c requires an application for extension of time for filing an order of appeal *to be made within the time allowed for filing the order of appeal. There is no counterpart to this provision in Rule B9, nor is there any to Rule B5.* The latter provides that the appeal shall be dismissed for failure to file an order for appeal within the time prescribed by Rule B4, or to file a petition of appeal under Rule B2 e within the time prescribed by the Rule, 'unless cause to the contrary be shown.' " [Emphasis ours.]

*Merrimack Park v. County Board,* 228 Md. 184, 179 A. 2d 345, is clearly distinguishable on its facts. There, counsel for appellants had obtained leave of court to extend the time for filing his petition beyond the thirty day period. He was in the process of filing a petition for a second extension and presented the petition to the Board's counsel for his prior approval. He was told by the latter that there was no need to submit such

petition so long as the required documents were filed a few days before the date of the hearing. The failure to file timely was thereafter the very ground asserted by the Board in seeking to dismiss the appeal. We held that the action or inaction of the Board's counsel constituted cause within the meaning of the rule which lulled Merrimack into the position where its appeal was dismissed, and that the exercise of a reasonable discretion required a rejection of the motion to dismiss.

In the case at bar it appears that appellee was "shopping for counsel." Its original counsel withdrew after the first hearing and thereafter "an attorney for appellee" telephoned the counsel for this Board who agreed to an extension. Present counsel was retained November 13th and the petition on appeal was prepared and filed November 16th. It should be noted that at no time before the deadline was leave of court for extension of time ever sought or granted, while counsel for appellants who were in the case from its very inception were completely ignored. In this case failure to comply with the rule is being asserted by the appellants and not by the Board. Appellants had at no time made any concessions relative to the extension.

This Court is unaware of a dearth of competent legal counsel in Montgomery County, and has been referred to no case which supports the proposition that "shopping for counsel" constitutes good cause for the lower court's waiving the time requirements of the rule, when no request was made within the period of such time requirements for an extension of time.

> *Order reversed, and case remanded for the entry of an order by the Circuit Court dismissing appellee's appeal from the order of the Board, which revoked the special exception; appellee to pay the costs.*