VOLK ET AL. *v.* PUGATCH ET AL.

[No. 392, September Term, 1970.]

*Decided May 11, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, SINGLEY and SMITH, JJ.

*Johnson Bowie* for appellants.

*Charles E. Brooks,* with whom was *W. Lee Harrison* on the brief, for appellees.

McWILLIAMS, J., delivered the opinion of the Court.

On 25 June 1970 the County Board of Appeals of Baltimore County granted to the appellees a special exception for the construction and operation of a convalescent home subject to certain restrictions not now relevant.

On 15 July the appellants Volk, Smith and Plain (Volk) filed an order for appeal. On 24 July the appellant Century Convalescent Center, Inc. (Century), also filed an order for appeal. Both appeals were filed by the same attorney. On 26 August the appellees moved to dismiss both appeals for failure to file the petitions required by Maryland Rule B2 e and for failure to transmit the record and the testimony as required by Rule B7 a. "[I]n fact," the appellees added, "[they] have not even ordered said testimony to be transcribed." The motions further added the representation that counsel for the appellees "telephoned counsel for the appellants to ascertain" the reason for the failure to file the petitions and the testimony and that he was told the "appellants" had failed "to advance the funds necessary therefor." After a hearing on 14 September the trial judge, Jenifer, J., relying on *Warmack v. Bradley Club, Inc.*, 242 Md. 394 (1966), and *Salisbury Board of Zoning Appeals v. Bounds*, 240 Md. 547 (1965), dismissed both appeals.

Appellants, pointing out that the appellees had sustained no injury or prejudice as a result of their failure to comply with Rules B2 e and B7 a urge us to "take a, practical look at the Rules governing this case" and to use our "broad discretion" to give them their day in court. They say we held in *Board of County Comm'rs of Prince George's County v. Kines*, 239 Md. 119 (1965), and in *Town of Somerset v. Montgomery County Board of Appeals*, 245 Md. 52 (1966), that substantial compliance with the "rules in question" is all that is necessary. So we did but, as we shall see, they were other cruises.

Appellants admit, as indeed they must, that neither petition was filed within the ten days following the filing of the appeals. By a letter dated 27 July (ten days after the Volk appeal was filed) counsel advised Century that $900 would be required for his retainer and for transcribing the stenographic record and that the costs would be $16. There is in the transcript the affidavit of the proprietor of Century stating that on 28 July one check for

$900 was mailed to counsel and another for $16 to Baltimore County. Neither check was delivered and, for aught that appears in the record, neither was ever heard of thereafter. No effort to obtain extensions of time appears to have been made. The testimony was not ordered from the stenographer nor was either petition ever filed.

Appellants claim that Rule B7 c immunizes them against dismissal but a reading of the rule makes it clear how frivolous is their claim. Rule B7 c provides:

> "c. Delay.
> "An appeal shall not be dismissed because the record has not been transmitted within the time prescribed, if it appears to the court that such delay was occasioned by the neglect; omission or inability of the agency or other party other than the appellant; provided, however, that such neglect, omission or inability shall not be presumed, but must be shown by the appellant."

Certainly the Board of Appeals is without fault and the only "neglect, omission or inability * * * shown by the appellant[s]" is their own.

Judge Jenifer was entirely correct in relying on *Salisbury* for our holding there is undeniably dispositive of the claims of the appellants. There Judge Marbury said, for the Court: "* * * Rules B2 e and B5 do not require any showing of prejudice to the adverse party and Rule B5 plainly states that the trial court, in the absence of cause to the contrary, *shall* dismiss the appeal for non-compliance with Rule B2 e." *Id.* at 553. As Judge Jenifer pointed out in his opinion, "[e]ven if the delay in the transmission of the record is excused, there is no escape [in these circumstances] from the mandatory requirement for filing the petition for appeal * * *."

In *Kines* the petition was filed well within the required time. A copy was served on the County Commissioners on the day following, also within the required time. We held·there was substantial compliance in the circum-

stances there present. In *Somerset,* Judge Oppenheimer said, for the Court:

> "The order for appeal was filed within the time set forth in the Rules. In that respect, the legal situation differs from that presented in *Warmack v. Bradley Club, Inc.,* 242 Md. 394, 219 A. 2d 12 (1966) and *Badian v. Hickey,* 228 Md. 334, 179 A. 2d 873 (1962). Unlike the case of *Salisbury Bd. v. Bounds,* 240 Md. 547, 214 A. 2d 810 (1965), in which it was held that the appeal should have been dismissed because the errors committed by the agency were not set forth in the order for appeal within the time required by Maryland Rule B2 e, the petition of appeal in the case before us was filed within the time limit prescribed by the Rule and sets forth in detail the errors claimed to have been committed by the Board." *Id.* at 60-61.

Rule B5 provides that if the appellant "* * * shall fail to file his petition within the time prescribed by section e of Rule B2, the court shall dismiss the appeal unless cause to the contrary be shown." Since no cause to the contrary has been shown by the appellants Judge Jenifer's orders will not be disturbed.

> *Orders affirmed.*
> *Costs to be paid by the appellants.*