**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1088**

IVAN GOLDSTEIN,

                    Plaintiff - Appellant,

          v.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,

                    Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William M. Nickerson, Senior District
Judge.  (1:09-cv-00706-WMN)

Submitted:  June 17, 2011                Decided:  July 26, 2011

Before DAVIS and DIAZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

David Rodman Cohan, Russell D. Karpook, COHAN, WEST & KARPOOK,
P.C., Baltimore, Maryland, for Appellant.  Bryan D. Bolton,
Michael P. Cunningham, FUNK & BOLTON, P.A., Baltimore, Maryland,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This is a dispute regarding the cancellation of Ivan Goldstein's life insurance policy (the Policy), issued by The Lincoln National Life Insurance Company. On appeal, Goldstein challenges the district court's granting of Lincoln National's motion for summary judgment with respect to his two alternative breach of contract claims under Maryland common law. In the first claim, Goldstein alleges that Lincoln National wrongfully cancelled the Policy, because he never received the grace period notice required under the Policy prior to the Policy's cancellation. In his alternative claim, Goldstein alleges that, assuming arguendo Lincoln National legitimately cancelled the Policy, Lincoln National wrongfully failed to reinstate the Policy, despite his compliance with the Policy's terms of reinstatement. We affirm in part, vacate in part, and remand for further proceedings.

With respect to Goldstein's first claim, Goldstein contends the district court erred in holding that he had failed to proffer sufficient evidence to create a genuine issue of material fact, regarding whether he actually received the grace period notice to which he was entitled under the terms of the Policy, before Lincoln National could effectively cancel the Policy. We agree. The summary judgment record establishes that Lincoln National produced sufficient evidence under Maryland law

2

to raise a rebuttable presumption that it mailed and Goldstein timely received the grace period notice at issue. See Benner, M.D. v. Nationwide Mut. Ins. Co., 93 F.3d 1228, 1234 (4th Cir. 1996) (under Maryland law, rebuttable presumption of delivery and receipt of mail arises when material is properly mailed); id. ("Evidence of ordinary business practices concerning the mailing of notices is sufficient to create the presumption of both sending and receiving."). However, the summary judgment record also establishes that Goldstein proffered sufficient evidence to create a genuine issue of material fact as to whether he received the grace period notice at issue. Specifically, Goldstein proffered his own sworn affidavit stating that he never received the grace period notice at issue despite the fact that he was in town on or around the time when such notice should have arrived in his home mailbox and he retrieved the mail from such mailbox every day. See Border v. Grooms, 297 A.2d 81, 83 (Md. 1972) (unequivocal testimony of zoning board's attorney that he did not receive mailed copy of petition of appeal did not conclusively rebut the rebuttable presumption of its receipt created by evidence that petition of appeal was properly mailed to him; rather, such testimony created issue for trier of fact); 2 Clifford S. Fishman and Anne T. McKenna, Jones on Evidence § 10:3 (7th ed. 1994 & Supp. 2011) (addressee's sworn denial of receipt suffices to meet

3

addressee's burden to produce evidence to avoid directed verdict on the issue of receipt in the face of rebuttable presumption of correct delivery and receipt, provided denial is sufficiently unequivocal). Because Goldstein proffered sufficient evidence to create a genuine issue of material fact regarding whether he actually received the grace period notice to which he was entitled under the terms of the Policy before Lincoln National could effectively cancel the Policy, we vacate the district court's entry of judgment in favor of Lincoln National with respect to his wrongful cancellation claim and remand for further proceedings.

With respect to Goldstein's alternative claim pertaining to reinstatement, we have reviewed the record and find no reversible error. Accordingly, we affirm on the reasoning of the district court with respect to that claim. Goldstein v. The Lincoln Nat'l Life Ins. Co., 1:09-cv-00706-WMN, 2011 WL 13864 (D.Md. Jan. 4, 2011).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

4