BENJAMIN D. STEPHEN, Administrator of NICHOLAS C. STEPHEN *vs.* SAMUEL E. LEWIS, Administrator of THOMAS LEWIS.

*Rule 27, respecting Appeals—Appeal dismissed.*

Where an order was passed on the 1st of August, 1883, and the appeal therefrom was not taken until the 30th of November, 1883, the same will be dismissed, not having been taken within two months from the passage of the order, according to the requirement of the rule, limiting the time within which an appeal must be taken, which went into effect on the 1st of September, 1883.

APPEAL from the Circuit Court for Prince George's County, in Equity.

This appeal was taken from an order ratifying account H, and rejecting accounts, D, E, and F, of the auditor, and directing the appellant to bring into Court, on or before the first Monday in September, 1883, the sum of $227.51, the same being the amount due the appellee, together with the costs of the proceeding as taxed by the clerk of the Court, amounting to $48.45.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, and BRYAN, J.

*Phil. H. Tuck,* and *Daniel R. Magruder,* for the appellant.

*F. Snowden Hill,* for the appellee.

STONE, J., delivered the opinion of the Court.

The appeal in this case must be dismissed. The order appealed from, was passed on the 1st of August, 1883,

and the appeal was not taken until the 30th of November, 1883.

The rule now in force regulating the time within which an appeal must be taken, and which rule has all the force and effect of a statute, went into effect on the 1st of September, 1883. This rule limits the time within which an appeal must be taken to "two months from the date of the judgment or determination, order or decree appealed from." The appellant in this case had the whole period of two months allowed within which to take his appeal, and having failed to do so, his appeal cannot now be heard.

It makes no difference whether the decree was passed before the 1st of September, 1883, or after it. The full period of time, allowed by the rule limiting the right of appeal, elapsed *after the rule went into effect,* and before he took his appeal. He was deprived of no right whatever, and had the *same time* after the 1st of September, 1883, to take his appeal that every other appellant has.

The case of the *State, use of Isaac vs. Jones, et al.,* 21 *Md.,* 432, was a much stronger case than the one before us. The bond sued on in that case was dated on the 29th of May, 1849, and the Statute of Limitations applicable to such bonds was at that time twelve years. The Act of 1853, passed *after the execution of the bond* provided that the Statute of Limitations to such bonds should be shortened to the period of five years, and that the Act should go into effect on the 1st of January, 1854.

The plaintiff in that case sued on the bond more than five, but within twelve years from its date. The five years from the date of the bond expired on the 29th of May, 1854, five months after the Act became effective. Upon limitations being pleaded this Court held it to be an effectual bar to the action, because the party had five months after the law became operative to bring his action. This five months which the Court thought sufficient time, was only one-twelfth of the time of the new statute.

In the case before us the party appellant had the whole time allowed by the rule, and a month over.

*Appeal dismissed.*

(Decided 29th May, 1884.)