## BRACK *v.* MARYLAND CASUALTY COMPANY

[No. 213, September Term, 1957.]

*Decided May 19, 1958.*

*Motion for rehearing filed June 16, 1958, denied June 17, 1958.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Tobias C. Phillips,* with whom was *Ira Bird Kirkland* on the brief, for appellant.

*William D. Macmillan* and *Ambrose T. Hartman,* for appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment of the Baltimore City Court in favor of the appellee (defendant) for costs. The appellant raises only two questions on this appeal: (1) was it error for the trial court to have denied appellant's request for a postponement of the hearing on August 27, 1957? and (2) was it error for the trial court to have found the issues between the parties *res judicata?* The appellee moved to dismiss the appeal on the ground that the appellant failed to print in his record extract pleadings and evidence that have a direct and material bearing upon the answer to each of these questions. We think the motion must be granted, but

even considering the questions upon the matter supplied in the record extract, we should not be disposed to find error in the rulings complained of.

The action in the instant case was instituted in the Superior Court of Baltimore City in 1946. On January 27, 1947, an amended declaration was filed, alleging that the appellant was the owner of three bonds, in the principal amount of $1,000 each, issued by the Continental Bond & Investment Company and guaranteed by the appellee as to payment of principal and interest; that the appellee had refused to make payment after demand. Similar allegations were made as to five bonds issued by the Guaranty Mortgage Company of Tampa, Florida, and as to six bonds issued by the National Bond & Mortgage Trust Company of Chicago, Illinois. The appellee filed pleas, including pleas of res judicata, and filed copies of the bonds. The appellant filed a replication to the pleas of res judicata. On August 5, 1948, the appellee served a Request for Admission of Genuineness of Documents and for Admission of Facts, accompanied by pleadings and decrees of court in three proceedings involving the bonds in question instituted in Maryland, Florida and Illinois, respectively. The appellant was requested to admit that he was a party to two of these proceedings, and that his father, Henry L. Brack, was a party to the third proceeding, having consulted with the appellant prior to becoming a party. In each of these proceedings decrees were entered which, for the considerations therein stated, relieved the appellee of its obligation as guarantor under each of the bonds in question. These Requests for Admission were never answered by the appellant. On May 24, 1950, the appellee filed a motion for summary judgment. Thereafter, the case was removed to the Baltimore City Court upon motion of the appellant. The appellant appealed to this Court from the removal order. We granted a motion to dismiss the appeal.

On May 23, 1957, the appellee filed a petition and show cause order to set the motion for judgment for hearing on June 14, 1957. At the appellant's request, the hearing was postponed until June 19, 1957, at which time the court heard argument and adjourned the hearing for further proceedings.

On August 27, 1957, the hearing was reconvened and the testimony of the appellant taken. In effect, he admitted participation in the three proceedings above mentioned and full knowledge thereof. On September 20, 1957, the trial court filed an opinion and entered the judgment appealed from.

The appellant argues that the trial court erred in denying a postponement on August 27,. 1957. It is well settled that the granting of a postponement or continuance is largely in the discretion of the trial court, and we find no abuse of discretion. Cf. *Phoebus v. Sterling*, 174 Md. 394, and *Speers Sand & Clay Works v. American Trust Co.* (4th Cir., 1931), 58 F. 2d 831. The appellant had been granted two postponements after the case was set for hearing on June 14. Moreover, the record does not show that either. the appellant or his counsel made any definite request for a further postponement at the time of the hearing on August 27.

On the issue of *res judicata,* it appears that in each of the three decrees, including the one referred to by this Court in *Brack v. Union Trust Company,* 172 Md. 66, 78, the Court found that the refunding plans proposed by the Maryland Casualty Company were fair and equitable under the circumstances, and that the guarantees given by it should be cancelled and discharged. It may be noted that these guarantees were not for the payment of the bonds, but were for the payment to the trustees of the principal and interest of the mortgage collateral. The effect of the decrees was to relegate the bond-owners to acceptance of the refunding securities or to receiving a due proportion of the fund produced by the trustee's sale of the mortgage collateral. Whether either of these remedies is now open to the appellant is not before us in the instant case. Whether the appellant's intervention in the proceedings above mentioned was on the theory that he represented his father in a fiduciary capacity or on a claim of legal or equitable ownership, or whether he subsequently acquired ownership from his father, or his father's estate, by gift, purchase or inheritance, is quite immaterial so far as the defense of *res judicata* is concerned. See *Williams v. Messick,* 177 Md. 605, 614; *Ugast v. LaFontaine,* 189 Md. 227, 232; *Snodgrass v. Stubbs,* 192 Md. 287, 290; *Restate-*

*ment, Judgments,* sec. 89. It would serve no useful purpose to review the prior proceedings in detail, as the matter is adequately covered in the opinion of the court below.

*Appeal dismissed, costs to*
*be paid by the appellant.*