## MONUMENTAL ENGINEERING, INC., PETITIONER *v.* SIMON ET UX., RESPONDENTS

[No. 1 (Misc.), September Term, 1959.]

*Decided March 10, 1960.*

*Motion for rehearing and for modification of order filed April 11, 1960, denied April 13, 1960.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Malcolm B. Smith* for the petitioner.

*Fred I. Simon, pro se,* for the respondents.

PER CURIAM.

The docket entries show that the order for appeal from the decree filed September 25, 1959, was not entered until November 30, 1959, or one month and five days after the decree became enrolled on October 25, 1959. The docket entries further show that the motion of the appellants-defendants filed October 19, 1959, to vacate the decree and for a reconsideration thereof was heard and overruled on November 6, 1959. But no order to suspend the operation and effect of the decree was sought and none was passed; nor is there anything in any of the proceedings, copies of which were filed in this Court, to indicate or even suggest that the chancellor had any intention of suspending the operation of the decree pending final disposition of the motion to vacate the decree.

Since the motion to vacate the decree, in the absence of a special order to that effect, could not and did not suspend the operation of the decree appealed from—and because the order for appeal was not filed within thirty days as Maryland Rule 812 a specifically requires—the motion of the appellee-plaintiff to dismiss the appeal before the transmission of the record to this Court is granted.

In equity cases a petition for a rehearing or a motion to

vacate or set aside a decree does not toll the running of the thirty-day period fixed by Rule 812 a, *supra,* within which the order for appeal must be filed, *unless* a special order has been passed suspending the operation of the decree before it becomes enrolled. *Jacobs v. Bealmear,* 41 Md. 484 (1875). See also, among others, *Meyer v. Steuart,* 48 Md. 423 (1878); *Stephen v. Lewis,* 62 Md. 229 (1884); *Riviere v. Quinlan,* 210 Md. 76, 122 A. 2d 332 (1956), in which the rule was applied. Cf. *Bennett v. Bennett,* 5 Gill 463 (1847) [rule not applied because court had by order *nisi* set decree aside]; *Hancock v. Stull,* 199 Md. 434, 86 A. 2d 734 (1952) and *Hanley v. Stulman,* 216 Md. 461, 141 A. 2d 167 (1958) [rule stated but not applied because it appeared lower courts had intended to suspend operation of decrees]. Also compare *Briley v. Pinkston,* 215 Md. 417, 136 A. 2d 563 (1957) [earlier decree, having been treated as mistakenly entered, was reopened and reconsidered].

> *Motion to dismiss appeal granted, the appellants-defendants to pay the costs.*