ANDERSON ET UX. *v.* HULL ET UX.

[No. 26, September Term, 1961.]

*Decided October 17, 1961.*

*Motion for rehearing filed November 16, 1961, denied November 17, 1961.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*Elmer O. Anderson* in proper person for appellants.

*D. Eugene Walsh,* with whom were *Charles O. Fisher* and *Walsh & Fisher* on the brief, for appellees.

PER CURIAM.

This is the second appeal in this case. In the first appeal, (*Anderson v. Hull,* 215 Md. 476, 138 A. 2d 875) judgment had been entered against the appellants upon the authority contained in a confessed judgment note. We reversed, and after a considerable lapse of time, the issues joined in the original suit and a counter-claim, which had been filed by the appellants, were tried before a jury, resulting in verdicts adverse to the appellants and in favor of the appellees. At this trial, the appellants were represented by counsel. The pres-

ent appeal is brought in proper person. The appellees have moved to dismiss the appeal.

The appellants' printed record extract contains nothing but the docket entries and some of appellants' pleadings, none of which has any bearing upon the one contention that appellants attempt to raise. This is a clear violation of Maryland Rule 828 b 1 and B 1(b) and justifies the granting of the appellees' motion to dismiss. Maryland Rule 835 b (5); *Brack v. Maryland Casualty Co.,* 216 Md. 589, 141 A. 2d 514. In addition, the appellants failed to comply with Maryland Rule 826 c 2.

In passing, we may observe that the only point attempted to be raised is a claim that the appellants were denied the right to represent themselves at one of the hearings before the trial court. The question clearly is not properly before us. The record is barren of a showing that the appellants were denied the right to represent themselves, (the only reference thereto being the bald assertion in appellants' brief) or that any objection was made to the trial court's allegedly improper action. Maryland Rule 885; *Sinclair Estates v. Guthrie,* 223 Md. 572, 574, 165 A. 2d 775.

> *Appeal dismissed, appellants to pay the costs.*