## PARSHLEY v. MOTT, EX'R OF THE ESTATE OF THOMAS T. MOTT, SR.

[No. 199, September Term, 1965.]

*Decided March 7, 1966.*

The cause was argued before HAMMOND, HORNEY, OPPEN-HEIMER and McWILLIAMS, JJ., and RAINE, J., Associate Judge of the Third Judicial Circuit, specially assigned.

*Samuel Intrater,* with whom was *Albert Brick* on the brief, for appellant.

*Albert F. Adams* for appellee.

RAINE, J., by special assignment, delivered the opinion of the Court.

Upon the death of Thomas T. Mott, Sr., his only son, Thomas

T. Mott, Jr., presented his father's will for probate to the Orphans' Court for Montgomery County. At this time the son swore that he was the sole heir and next of kin of the decedent, and letters testamentary were granted to him on October 18, 1961. In fact, the decedent had been married before and his daughter by the prior marriage resided in New England. Sometime in January 1963 the daughter learned that her father's will had been admitted to probate, but it was not until October 18, 1963 that she filed a petition for revocation of probate and for caveat. The petition was dismissed by the Orphans' Court and on appeal to the Circuit Court the action was upheld by Judge Pugh, who granted a summary judgment in favor of the son. It is from this judgment that the daughter appeals to this Court.

The record does not disclose whether the appellee's misstatement was innocent or deliberate. Apparently he contends that he was unaware of his half-sister's existence. In either event, the appellant cannot prevail. It is highly desirable that there should be a prompt settlement and distribution of decedents' estates, and the policy of the law has been to prevent any unnecessary delays. Appeals from orders of an Orphans' Court must be filed within thirty days. Code (1957), Art. 5, § 26. In many cases this Court has held, by analogy to the statutory period for appeal, that a petition to revoke an order of an Orphans' Court be filed within thirty days from the date petitioner gains knowledge of the order sought to be set aside, or knowledge of such facts as would put an ordinarily prudent person on inquiry. From *Redman v. Chance,* 32 Md. 42, decided in 1870, to *First National Bank v. White,* 239 Md. 289, decided in 1965, this has been a well established rule in this State. Among other cases stating the rule are *Didier v. Carr,* 115 Md. 264; *Hunter v. Baker,* 154 Md. 307; *Perrin v. Praeger,* 154 Md. 541; *Watkins v. Barnes,* 203 Md. 518; *Gessler v. Stevens,* 205 Md. 498.

In *Lutz v. Mahan,* 80 Md. 233, the facts were very similar to the instant case, but the record reveals that the petitioner for revocation of letters had acted promptly, well within the thirty-day period. It is conceded here that the appellant waited ten months after learning of the probate before she filed her petition for revocation. We see no reason, under the circum-

stances here presented, to relax the thirty-day rule. Since the petition was filed too late the judgment must be affirmed.

*Judgment affirmed, with costs.*