THOMASON, Personal Representative of the Estate of
Bruner Rose Thomason *v.* BUCHER, Guardian
Ad Litem for Linda Sue Thomason

[No. 358, September Term, 1971.]

*Decided June 8, 1972.*

The cause was argued before BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ., and DULANY FOSTER, Chief Judge of the Supreme Bench of Baltimore City, specially assigned.

*John R. Foley* for appellant.

*James R. Bucher,* with whom were *Sasscer, Clagett, Channing & Bucher* on the brief, for appellee.

FOSTER, J., delivered the opinion of the Court.

The single issue presented on this appeal is whether the filing of a motion for rehearing on a decision and order of the Orphans' Court tolls the running of the statutory period within which an appeal for trial de novo in the Circuit Court must be filed.

Bruner Rose Thomason, who died in Prince George's County, Maryland, on January 5, 1970, left a will, duly admitted to probate, by which he provided for equal distribution of his estate to his two children, Jerry Rose Thomason, an adult son, and Linda Sue Thomason, a minor, and nominated Della Mae Bullabough (Della) as Executrix. Della renounced the appointment and the appellant, Harry E. Thomason, the decedent's brother, was appointed personal representative by the Orphans' Court. Appellee, James R. Bucher, was named guardian ad litem for the minor daughter.

The first administration account filed by the personal representative set aside as the widow's statutory share, Md. Code (1957, 1969 Repl. Vol.) Art. 93, Sec. 3-102 (1), one-third of the net estate for Della, designating her as the decedent's surviving spouse. Appellee filed exceptions to the account alleging that decedent was unmarried at the time of his death and praying that distribution be made in accordance with the provisions of the will. A hearing on the exceptions was held in the Orphans' Court

on March 12, 1971. Appellant introduced evidence which tended to show, in the words of the Orphans' Court opinion, "that some, if not all, of the elements of a 'common law marriage' existed between the parties." The opinion noted that a common law marriage may not be contracted in Maryland, but that a marriage, if valid where contracted, is recognized as valid in Maryland unless it is contrary to the public policy of the State of Maryland. The Orphans' Court found, however, that appellant had not given notice required under the provisions of the Uniform Judicial Notice of Foreign Law Act, Md. Code (1957, 1971 Repl. Vol.) Art. 35, Sec. 50, in order to invoke the benefits of foreign law to establish that a valid common law marriage was contracted while the parties were domiciled outside of Maryland. Appellee's exceptions were therefore sustained by the Orphans' Court in an order dated April 30, 1971. On May 11, 1971, appellant moved for reconsideration of the opinion and order. The motion was denied without formal hearing in an order dated June 11, 1971. Subsequently, the personal representative filed on July 1, 1971, a "revised first account," identical in substance to the first account, except that it was accompanied by a memorandum in which appellant sought to give notice under Art. 35, Sec. 50, that he intended to rely upon the marriage laws of the District of Columbia. Appellee filed a motion ne recipiatur to the revised first account and memorandum on the grounds that the Orphans' Court by its order of April 30, 1971, had found that Della was not entitled to share in the estate and that the revised first account was not in accordance with the decedent's will. The Orphans' Court signed an order on July 28, 1971, granting appellee's motion ne recipiatur and rejecting the revised first account. From this order the appellant, on August 27, 1971, filed an appeal to the Circuit Court for Prince George's County for trial de novo pursuant to Md. Code (1957, 1968 Repl. Vol.) Art. 5, Secs. 25 and 26. When the case was called for trial on November 23, 1971, Judge McCullough found that the April 30, 1971 order of the Orphans'

Court sustaining the exceptions filed by the appellee was a final order and, as such, triggered the running of the thirty-day period within which an appeal under Art. 5, Sec. 26 must be filed. Judge McCullough rejected the appellant's contention that the motion for reconsideration stayed the running of the appeal period. He dismissed the appeal as not having been filed within thirty days of the final order of the Orphans' Court.

The personal representative urges that "in order to promote the ends of justice and to avoid further litigation," the thirty-day appeal period in "unusual probate circumstances" should not be rigidly applied and the appeal for trial de novo in this case should be held as having been timely entered. It is, however, for these very reasons, to promote justice and to end litigation, that adherence to the requirement established by Art. 5, Sec. 26 of the Code and by decisions of this Court must be maintained. The appellant's argument ignores not only the letter but the spirit of the law. Were casual disregard for the rule tolerated, the balance of justice would soon become frozen and inoperable due to both the interminable delays occasioned by repetitious petitions to the Orphans' Court to reconsider its decisions and the uncertainty which would cloud the finality of that court's orders. Art. 5, Sec. 26 requires that appeals from orders of the Orphans' Court must be filed within thirty days. In *Parshley v. Mott*, 241 Md. 577, 578 (1966), this Court, refusing to abandon a rule which has been well established in Maryland since *Redman v. Chance*, 32 Md. 42 (1870), expressed the underlying purpose of Art. 5, Sec. 26, when it stated, "* * * It is highly desirable that there should be a prompt settlement and distribution of decedents' estates and the policy of the law has been to prevent any unnecessary delays. * * *"

There is foundation neither in law nor policy for appellant's contention that the filing of a motion for reconsideration extended the appeal period so that a new thirty-day period commenced on June 11, 1971, and that yet another thirty-day period began to run on July 28,

1971, when the Orphans' Court granted appellee's motion ne recipiatur to the revised first account. The fact that each move by the appellant challenging an adverse decision of the Orphans' Court was made within thirty days of the Court's decision is immaterial, except to illustrate the evil which the statute seeks to avoid. To allow the period for the running of an appeal to be extended *ad infinitum* by the filing of one motion or petition after another—all in essence attacking the same decision —would be the antithesis of prompt and orderly settlement of estates. Appellant's reliance on *Redman v. Chance, supra; Yakel v. Yakel,* 96 Md. 240 (1903) ; *Hunter v. Baker,* 154 Md. 307 (1928) ; *Phillips v. Green,* 179 Md. 583 (1941) and *Watkins v. Barnes,* 203 Md. 518 (1954), as support for the proposition that filing a motion for rehearing or reconsideration stays the running of the appeal period is unfounded. These cases merely recognize that a timely petition to the Orphans' Court to revoke or reconsider an order is a proper proceeding. To maintain that because it is a proper proceeding it must therefore stay or extend the running of the time for appeal is simply a *non sequitur*. Nor is there merit in the contention that inasmuch as no rules have been codified for the Orphans' Court of Prince George's County under the power vested by Md. Code (1957, 1966 Repl. Vol.) Art. 26, Sec. 27, uncertainty exists as to whether the filing of a motion for reconsideration tolls the running of the time for appeal. The mere fact that formal rules have not been adopted by the Orphans' Court does not dictate that it must function in a procedural vacuum, particularly in view of rules long made clear by the decisions of this Court. In *Hayman, Adm'r v. Messick,* 252 Md. 384, 392 (1969), we stated:

"Nothing is more certain than the proposition that an appeal will not lie from a court's refusal to reopen a previous decision. As our predecessors said in *Lefever v. Lefever,* 6 Md. 472 at 478 (1854) :

"* * * If parties could open decrees and judgments, on appeal, in this indirect way, it would virtually amount to a repeal of the laws limiting the time within which appeals should be taken, and would lead to interminable litigation.' "

See also the other cases cited in *Hayman v. Messick, supra;* and *Jackson v. Jackson,* 260 Md. 138 (1970). It is also well established that a motion for rehearing or reconsideration does not in itself extend the time for appeal. *Tiller v. Elfenbein,* 205 Md. 14 (1954); *Monumental Engineering, Inc. v. Simon,* 221 Md. 548 (1960); *Lancaster v. Gardiner,* 225 Md. 260 (1961) and cases cited therein; *Cramer, Trustees v. Wildwood Development Co.,* 227 Md. 102 (1961); *S. & G. Realty v. Woodmoor Realty,* 255 Md. 684 (1969); and *Larsson v. J. C. Conley Construction Co.,* 260 Md. 21 (1970).

The appeal for trial de novo not having been filed within thirty days of the Orphans' Court's order of April 30, 1971, the decision of the Circuit Court for Prince George's County dismissing it as untimely must be affirmed.

It is apparent that the appeal before us was not for the benefit of the decedent's estate, but was rather for the purpose of establishing a claim of a purported spouse. Since no benefit could have accrued to the estate by this appeal, and the awarding of costs is discretionary, Rule 882 a, the estate should not be reduced by the expense of this litigation.

*Order affirmed; costs of the appeal to be paid by the appellant individually.*