WILSON W. FRANCOIS *v.* ALBERTI VAN & STORAGE COMPANY, INCORPORATED ET AL.

[No. 112, September Term, 1978.]

*Decided August 20, 1979.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, ORTH, COLE and DAVIDSON, JJ..

*James G. Kolb* for appellant.

*Alfred J. Dirska,* with whom were *O'Malley, Miles, Farrington & McCarthy* on the brief, for appellees.

COLE, J., delivered the opinion of the Court.

The success of Wilson W. Francois' challenge to the dismissal of his appeal from a denial of workmen's compensation by the Circuit Court for Montgomery County depends upon whether he complied with the temporal commands of the Maryland rules governing appeals from administrative agencies.

Rule B4 provides that an order for appeal shall be filed within thirty days of the date of the action appealed from. Rule B2 e requires that an appellant join with his order for appeal or file within ten days thereafter a petition setting forth the agency action appealed from, the error committed, and the relief sought. Maryland Code (1957, 1964 Repl. Vol.), Article 101, § 56 (e) provides that a motion for rehearing may be filed within seven days of the date of the Workmen's Compensation Commission's (Commission) decision, and that if a motion for rehearing is so filed, the time within which an appeal can be taken from the decision shall commence from the time of the Commission's ruling on the motion.

Francois was accidentally injured at work on September 25,

1972. Since that time a number of hearings have been held and orders issued by the Commission for payment to him. However, on November 18, 1977, the Commission denied Francois' claim for temporary total disability.

Francois then moved for a rehearing on December 15, 1977. He filed two orders for appeal, the first on December 22, 1977 and the second on February 2, 1978 after the Commission denied his motion for a rehearing on February 1, 1978. On April 5, 1978, Francois filed a petition setting forth the grounds for his appeal and the relief sought. The Circuit Court for Montgomery County dismissed his appeal as untimely on July 6, 1978. Francois appealed to the Court of Special Appeals and we granted certiorari prior to that court's consideration of the matter.

It is obvious from the above chronology that since the Commission's order denying Francois' compensation was issued November 18th that he had until November 25th to file for a rehearing; he filed on December 15th. He had until December 18th to appeal and both appeals were filed beyond that date on December 22nd and February 2nd. He had until December 28th, (if he had filed his appeal on the last day of the thirty day period) to submit his petition stating the grounds of his appeal. Francois filed his petition on April 5, 1978.

Francois presents several contentions to this Court. First, he argues that Maryland Rule B2 e does not apply to an appeal from a denial of benefits by the Workmen's Compensation Commission. Second, Francois asserts that his motion for rehearing, filed after the statutory period for such motions, extended the time in which he could appeal. Third, Francois says that the circuit court erred in dismissing his appeal because he had shown sufficient "cause" under Maryland Rule B5 to excuse any late filing of his order for appeal and his petition setting forth agency error.

The employer, Alberti Van and Storage Company, Inc., and the insurer, Twin City Fire Insurance Co., both hereafter referred to as Alberti, contend that Rule B2 e does apply to appeals from decisions of the Commission. Alberti also asserts that a motion for rehearing of a Commission's

decision, admittedly made late, and subsequently denied by the Commission, does not extend the thirty day appeal period set forth in Rule B4 a. Lastly, Alberti insists that dismissal was proper because the petition under Rule B2 e and the notice of appeal under Rule B4 a were filed late and because Francois did not meet his burden of showing "cause to the contrary" under Rule B5.[1]

The primary questions to be answered in this case are whether a motion for rehearing filed after the permissible statutory period extends the time for appeal and whether the circuit court erred in dismissing Francois' appeal under the standard set forth in Maryland Rule B5.

It is settled law that Rule B2 e applies to an appeal from a denial of benefits by the Commission. Our predecessors in *Richardson v. Home Mutual,* 235 Md. 252, 201 A. 2d 340 (1964), made it clear that chapter 1100 of the Maryland Rules of Procedure, repromulgated as Rules B1 to B12, effective January 1, 1962, governs the procedural aspects of appeals from Commission decisions. *See Hensley v. Bethesda Metal Co.,* 230 Md. 556, 188 A. 2d 290 (1963).

Rule B2 e provides that:

> The appellant shall join with his order for appeal, or shall file with the clerk of the court, within ten days after filing the order, a petition setting forth the action appealed from, the error committed by the agency in taking such action, and the relief sought, and shall serve a copy thereof on the agency. [Maryland Code (1957, 1977 Repl. Vol.)].

---

1. Alberti has also presented us with a motion to dismiss the present appeal on the grounds that the contents of the printed record extract do not comply with section (b) of Rule 1028 and that Francois' brief does not comply with section (c) of Rule 1031. The only case cited in support of this motion is Anderson v. Hull, 226 Md. 497, 174 A. 2d 192 (1961). We deny the motion to dismiss because the *Anderson* case is distinguishable on its facts. The record extract in *Anderson* contained egregious omissions and included nothing but docket entries and some of appellants' pleadings. *Id.* at 499. The record extract in the present case, in contrast, is far more complete than the one in *Anderson* and contains all materials which are "reasonably . . . necessary for the determination of the questions presented by the appeal . . . ." Rule 828 (b) (1).

Francois concedes that he did not file a petition until April 5, 1978, which was more than ten days after the date of filing his first order of appeal, December 22, 1977. However, he argues that the fact that he had forwarded a notice to the Commission on February 2, 1978 constituted substantial compliance with Rule B2 e and satisfied its "real purpose."

We find this argument unpersuasive. This Court has allowed an appeal to proceed on the ground that there had been substantial, if not literal, compliance with Rule B2 e on two occasions, where there were minor technical irregularities in the petition or the manner of its filing. In *Town of Somerset v. Board,* 245 Md. 52, 225 A. 2d 294 (1966), a timely petition failed to state that the appellants were "persons aggrieved" by an administrative order but did recite that the appeal was filed pursuant to Rules B1 through B12. Allowing the appeal to be maintained, the Court stated (245 Md. at 61):

> Where there is compliance with the substance of the requirements of statutes or rules and the other parties have not been prejudiced, technical irregularities cannot be made the basis for depriving persons of the opportunity to assert their legal rights. . . . [W]e think that the appellants' failure to allege expressly in the petition of appeal that they were aggrieved parties whose property interests are or will be adversely affected by the Board's order was, at most, such a technical irregularity.

In *Border v. Grooms,* 267 Md. 100, 297 A. 2d 81 (1972), this Court also held that there had been substantial compliance with Rule B2 e where a timely petition was served on counsel for the zoning board rather than on a board member. *Compare Salisbury Bd. v. Bounds,* 240 Md. 547, 214 A. 2d 810 (1965), where the Court ruled that an appeal should have been dismissed by the trial court because appellants had made a substantial omission by failing to set forth in their petition the error committed by the agency. We find the present case distinguishable from *Town of Somerset, supra,* because here no petition was filed until long after the ten day period in Rule

B2 e had expired. *Border v. Grooms, supra,* is inapposite because it concerned the delivery of a *timely* petition. This case is more akin to *Volk v. Pugatch,* 262 Md. 80, 277 A. 2d 17 (1971), in which this Court held that failure to file the petition required by Rule B2 e merited dismissal of an appeal.

Our prior decisions indicate that "substantial compliance," given its most liberal construction, denotes at least the timely filing of the document particularly required by Rule B2 e. For example, in *Board of Co. Comm'rs v. Kines,* 239 Md. 119, 210 A. 2d 367 (1965), this Court allowed an appeal to be maintained even though no copy of the order of appeal was delivered to the agency prior to the filing of the order with the clerk of the circuit court. The Court noted that well within the time for an appeal the aggrieved parties had filed a petition stating the alleged agency error with the circuit court and had delivered the petition on the agency several days before the expiration of the time for appeal. This Court held that these actions amounted to "substantial compliance with the appeal procedures." *Id.* at 125.

In the present case the question of substantial compliance is an illusory one simply because Francois did not even file a petition within the time required by Rule B2 e. Procedural rules are issued by this Court to construct a uniform and orderly flow of judicial business. We cannot countenance a party's substituting methods of his choice for established rules for perfecting appeals. Accordingly, we hold that Francois failed to comply with the requirements of Rule B2 e.

With regard to the second question, whether a motion for rehearing in a compensation case filed after the permissible statutory period extends the time for appeal, there is a dearth of case law. However, generally, in instances where motions for rehearing, motions to set aside or modify a decree or motions to vacate or reconsider a decree have been filed, we have held consistently that such motions do not extend the time for filing an appeal. *Thomason v. Bucher,* 266 Md. 1, 291 A. 2d 437 (1972); *S. & G. Realty v. Woodmor Realty,* 255 Md. 684, 259 A. 2d 281 (1969); *Lancaster v. Gardiner,* 225 Md. 260, 170 A. 2d 181, *cert. denied,* 368 U. S. 836 (1961), 82 S. Ct.

63, 7 L.Ed.2d 37; *Monumental Eng. v. Simon,* 221 Md. 548, 158 A. 2d 471 (1960).

In the instant case, we agree with the circuit court's finding that the critical order for appeal is the first one, filed by Francois on December 22, 1977. His February 2, 1978 amended order for appeal, which referred only to the Commission's February 1, 1978 denial of a rehearing, could not have been a basis for any appeal. This Court has specifically held that a refusal by the Commission to reopen a case is not appealable. *Robin Express v. Cuccaro,* 247 Md. 262, 230 A. 2d 671 (1967). *See also Gold Dust Corp. v. Zabawa,* 159 Md. 664, 152 A. 500 (1930). Therefore, any meaningful question as to the timeliness of Francois' order for appeal relates only to the order he filed on December 22, 1977.

Maryland Code (1957, 1964 Repl. Vol.), Article 101, § 56 (e) spells out the procedural standards governing motions for rehearings of Commission decisions, providing in pertinent part:

> (e) *Motion for rehearing of decision of Commission.* — A motion for a rehearing may be filed within seven days from the date of the decision of the Commission, only upon grounds of error of law, or newly discovered evidence. In the event that the seventh day falls on a day on which the offices of the Commission are legally closed, then the time for the filing of such motion shall be extended until the next day on which the offices of the Commission are legally open. Such motion shall be in writing and state the reasons therefor, and shall not be a stay of the decision of the Commission. If a motion for rehearing is filed, the time within which an appeal can be taken from the decision shall commence from the time of the ruling by the Commission on the motion. . . .

Francois concedes that since his motion for rehearing was not filed until December 15, 1977 it did not come within the seven day period prescribed by § 56 (e). Nevertheless, Francois argues that the clause "[i]f a motion for rehearing is filed"

means a motion filed at any time, including late motions, so that his motion for filing an appeal was extended to thirty days after the Commission's ruling on his motion for a rehearing.

We decline to accept Francois' argument. While it is true that the clause "[i]f a motion for rehearing is filed" is not immediately modified by the statutory language setting forth the seven day requirement, it would be absurd and inconsistent to acknowledge the seven day requirement for the purpose of making a motion for rehearing and then to read the same requirement out of the statute for the purpose of determining how the time for an appeal is affected by such motion. We hold that in order for a motion for rehearing to be effectively "filed" under § 56 (e), it must be made within the seven day period. We have stated time and time again that statutory language of doubtful meaning should be interpreted in a manner which avoids absurd, illogical, or unreasonable consequences. *See, e.g., Mazor v. State, Dep't of Correction,* 279 Md. 355, 369 A. 2d 82 (1977); *Fairchild v. Maritime Air Serv.,* 274 Md. 181, 333 A. 2d 313 (1975); *Grosvenor v. Supervisor of Assess.,* 271 Md. 232, 315 A. 2d 758 (1974); *Pan Am. Sulphur v. State Dep't,* 251 Md. 620, 248 A. 2d 354 (1968).

We now arrive at the last question, whether the circuit court erred in finding that Francois' appeal must be dismissed. Maryland Rule B5 sets forth the standards for dismissal of an appeal from an administrative agency:

Rule B5. Dismissal of Appeal.

If the appellant shall fail to file his order for appeal within the time prescribed by Rule B4 (Time for Filing) or any order issued pursuant thereto, or shall fail to file his petition within the time prescribed by section e of Rule B2 (How Appeal Taken), the court shall dismiss the appeal unless cause to the contrary be shown.

With regard to grounds for the circuit court's dismissal, we have already stated that Francois did not comply with Rule B2 e. Francois also openly admits that since his first order

of appeal was not filed until December 22, 1977, it did not come within the time prescribed by Rule B4 a. Rule B4 a provides that an order for appeal shall be filed within thirty days from the date of the Commission's action. Rule B4 a stated fully reads as follows:

> . An order for appeal shall be filed within thirty days from the date of the action appealed from, except that where the agency is by law required to send notice of its action to any person, such order for appeal shall be filed within thirty days from the date such notice is sent, or where by law notice of the action of such agency is required to be received by any person, such order for appeal shall be filed within thirty days from the date of the receipt of such notice.

The exceptions to Rule B4 a do not apply to this case, as the Commission is required by law only to file its orders in the Commission's office. Maryland Code (1957, 1964 Repl. Vol., 1978 Supp.), Article 101, § 40 (a). Therefore, we conclude that Francois failed to comply with Rule B4 a.

Francois persists in arguing, however, that the circuit court should still not have dismissed his appeal. He refers us to the last phrase in Rule B5 and contends that the incumbency upon the circuit court to dismiss an appeal in these circumstances is limited by the language "unless cause to the contrary be shown." Thus Francois' position is that the dismissal authorized by Rule B5 is mandatory only when "cause to the contrary" has not been shown. He contends that he has established "cause to the contrary" for failure to file the required papers in a timely fashion because he changed counsel five times prior to and including the time during which hearings on the matter were held and that counsel during transition periods did not properly inform each other of the status of his case. We do not believe that these facts rise to a showing of "cause to the contrary" under Rule B5, as reference to prior decisions on this point will demonstrate.

In *Toomey v. Gomeringer,* 235 Md. 456, 460, 201 A. 2d 842 (1964), our predecessors stated that the language chosen for

the concluding clause of Rule B5 indicates that "some elasticity is allowed if 'cause' (meaning 'good cause,' *Merrimack Park Recreation Ass'n, Inc. v. County Board of Appeals,* 228 Md. 184, 188, 179 A. 2d 345) is shown." Thus the term "cause" was equated with "good cause." While in *Merrimack Park v. County Board,* 228 Md. 184, 179 A. 2d 345 (1962), sufficient "cause" was shown because conduct of the agency attorney lulled counsel for the appellant into a position where its appeal was dismissed, here no similar inducements were made by counsel for Alberti or the Commission.

None of our prior decisions applying the phrase "cause to the contrary" are on "all fours" with the present case, yet we believe that *Salisbury Bd. v. Bounds, supra,* and *Warmack v. Bradley Club,* 242 Md. 394, 219 A. 2d 12 (1966), have precedential value, for they concerned inaction by an appellant which has held not to be justified. In *Salisbury* the Court concluded that the applicants below were not justified in waiting for the transcript of the testimony taken by the agency before filing a Rule B2 e petition stating the reasons for their appeal. *Id.* at 553. The case sub judice is not at all dissimilar from *Warmack,* in which this Court held that "shopping for counsel" does not constitute "cause" for waiving the time requirements of Rule B5.

Nor can Francois' position be sustained by analogy to our opinions which discuss the term "good cause." In our most recent decision analyzing the term we stated:

> [G]ood cause must be evidenced by a display of diligence to prosecute the case during the period of alleged inaction; and that the trial court's exercise of discretion will not be set aside on appeal except in extreme cases of clear abuse, *Stanford v. District Title Ins. Co.,* 260 Md. 550, 273 A. 2d 190 (1971). [*Langrall, Muir & Nopp'r v. Gladding,* 282 Md. 397, 400, 384 A. 2d 737 (1978)]

What will amount to a showing of "good cause" depends upon the circumstances of a particular case, *Kay Const. Co. v. County Council,* 227 Md. 479, 177 A. 2d 694 (1962), and, as we

have said, only a "substantial reason" will amount to "good cause." *Id.* at 486. The record in the present case reveals no substantial proof of diligence in prosecuting the appeal. It only reveals an absence of timely action. The trial court wisely exercised its discretion in dismissing this appeal, the proponents of which demonstrated a complete disregard for the time constraints contained in our rules.

For these reasons we affirm the judgment of the Circuit Court for Montgomery County.

*Judgment of the Circuit Court for Montgomery County affirmed; appellant to pay the costs.*