659 A.2d 1287

**Madeline P. GRIMBERG and Charles T. Carroll, Jr., Personal Representatives of the Estate of Madeline C. Carroll**

v.

**Susan J. MARTH.**

**No. 124, Sept. Term, 1994.**

Court of Appeals of Maryland.

June 20, 1995.

548

Virginia A. McArthur, Washington, DC (Daniel S. Willard, Daniel S. Willard, P.C., on brief, Rockville), for appellant.

Karl G. Feissner (Robyn L. Behrman, Feissner & Slatkin, on brief), Burtonsville, for appellee.

Argued before ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

KARWACKI, Judge.

In this case, we issued a writ of certiorari to determine whether an appraiser's claim arising from a contract with a personal representative of a decedent's estate is barred under the limitations provision found in Maryland Code (1974, 1991 Repl.Vol.), § 8–103(c) of the Estates and Trusts Article.[1]

## I

Madeline C. Carroll died on January 27, 1991. Her son, Charles T. Carroll, Jr. and daughter, Madeline P. Grimberg ("Grimberg") were appointed as personal representatives of her estate. In February, 1991, the estate contracted with Susan Marth ("Marth"), who specializes in the appraisal of glassware, to provide appraisal services for tangible personal property in the estate, including a valuable collection of glassware. Marth was to value the property for the probate inventory and for the federal estate tax return. The appraisal was also to be used to price the glassware for sale.

The contract called for payment for appraisal services at the hourly rate of $150.00, due upon delivery of the appraisal document. Any additional services provided were to be billed at the same hourly rate, with payment due upon receipt of a statement. Sub-appraisers, hired at a lower hourly rate to keep costs down, were to be billed through Marth.

Marth hand-delivered the appraisal to Grimberg in July, 1991. On July 30, 1991, the estate made a partial payment of Marth's fees. The estate sale continued for several more months, and Marth continued to provide services. On October 25, 1991, Grimberg went to Marth's house to reconcile the hours worked and received Marth's final bill. Marth testified that, at that time, Grimberg asked Marth to wait to be paid until the decedent's house was sold, implying that there were

---

1. Maryland Code (1974, 1991 Repl.Vol.), § 8–103(c) of the Estates and Trusts Article provides:

    "A claim against the estate based on the conduct of or a contract with a personal representative is barred unless an action is commenced against the estate within six months of the date the claim arose."

insufficient funds in the estate to pay the remainder of the bill.[2]

On April 10, 1992, Marth filed a claim with the Register of Wills for fees of $20,500.00 plus interest. The claim credited the estate for the $15,000.00 payment already made on account of those fees and a $500.00 payment made for expenses. Due to an error by a clerk in the office of the Register of Wills, Marth's claim was not noted on the Claims Docket until May, 1994.

Settlement on the sale of decedent's house took place on November 29, 1993. Still receiving no payment, Marth filed a petition for payment in the Orphans' Court for Montgomery County in April, 1994, to which the estate objected. In its objection to that petition, the estate, *inter alia,* asserted that Marth's claim was time-barred.

After conducting an evidentiary hearing and considering arguments of counsel, Judge L. Leonard Ruben, sitting as the Orphans' Court for Montgomery County[3], entered judgment on June 22, 1994, in favor of Marth in the amount of $20,-500.00. On June 30, 1994, the estate filed a motion to alter or amend the judgment which was denied by Judge Ruben on August 4, 1994. On August 30, 1994, the estate appealed to the Court of Special Appeals, and Appellee moved to dismiss the appeal as having been untimely filed. Prior to any

---

2. In her testimony Grimberg denied this, but the $15,000.00 check presented to Marth in July as partial payment had been returned unpaid due to insufficient funds before it was finally honored.

3. Maryland Const. Art. IV, § 20(b) provides:

"The judges of the Circuit Court for Montgomery and Harford Counties shall each, alternately and in rotation and on schedules to be established by those judges, sit as an Orphans' Court for their County, and shall have and exercise all the power, authority and jurisdiction which the present Orphans' Courts now have and exercise, or which may hereafter be provided by law."

Pursuant to that Constitutional provision, the several judges of the Circuit Court for Montgomery County sit in rotation as "the Orphans' Court for Montgomery County." *See Kao v. Hsia,* 309 Md. 366, 368 n. 1, 524 A.2d 70, 71 n. 1 (1987).

consideration of the case by the intermediate appellate court, we issued a writ of certiorari on our own motion.

Appellants contend that Marth's claim is clearly barred by the statute of limitations and no exceptions to that statute are applicable in this case. Arguing that the operative action for limitations purposes is filing a petition for payment in the Orphans' Court rather than filing a claim with the Register of Wills, Appellants conclude that Judge Ruben abused his discretion in declining to vacate his earlier determination that Marth's claim was not time-barred.

Appellee responds that the statute of limitations was tolled by the conduct of the parties, namely Grimberg's statement that there would not be enough money to pay Marth's bill until after the decedent's house had been sold. Further, Appellee asserts that the personal representatives are estopped from relying on the statute of limitations and that any such defense has been waived by inducement or by the partial payment made in July, 1991. Finally, Appellee contends that the estate did not timely file this appeal and it must be dismissed. We agree with Appellee only as to estoppel and waiver and, for the reasons hereinafter set forth, we shall affirm the judgment of the Orphans' Court.

## II

We must first address Appellee's contention that this appeal was not timely filed. An appeal may be taken from any final judgment of an orphans' court. Md.Code (1974, 1995 Repl.Vol.), § 12–501 of the Courts and Judicial Proceedings Article. A final judgment is any judgment or order which is "so far final as to determine and conclude the rights involved in the action, or to deny to the party seeking redress by the appeal the means of further prosecuting or defending his rights and interests in the subject matter of the proceeding." *In Re Buckler Trusts,* 144 Md. 424, 427, 125 A. 177, 178 (1924) (citation omitted). Where a trial court's order has the effect of putting the parties out of court, it is generally a final appealable order. *See, e.g., Walbert v. Walbert,* 310 Md. 657,

531 A.2d 291 (1987) (order denying motion to set aside judgment was final appealable order because it put the parties out of the trial court completely). In this case, the denial of the motion for reconsideration of the June 22, 1994, judgment precluded the parties from any further proceedings in the Orphans' Court and was, therefore, a final judgment for purposes of appeal.

■ In previous cases, we have stated that the refusal by an orphans' court to reopen a prior decision is not an appealable order. *See, e.g., Suitland Dev. Corp. v. Merchants Mortg. Co.,* 254 Md. 43, 55, 254 A.2d 359, 365 (1969) (quoting *Gold Dust Corp. v. Zabawa,* 159 Md. 664, 666–67, 152 A. 500, 502 (1930)) (" 'although . . . appeals are allowed from all decisions of orphans' courts, it is considered that no appeals are allowed by that statute from decisions declining to reopen previous decisions.' "); *see also* Sykes, Md. Probate Law and Practice (1956), § 246. In those situations, however, the motion for reconsideration was filed *after* the statutory time for appeal had elapsed. An orphans' court only has revisory power over its judgments for thirty days. Md.Code (1974, 1995 Repl.Vol.), § 6–408 of the Courts and Judicial Proceedings Article. After thirty days, the orphans' court can only revise its judgments in cases of "fraud, mistake, irregularity, or failure of an employee of the court or of the clerk's office to perform a duty required by statute or rule." *Id.* The denial of a motion for reconsideration filed beyond the thirty-day time limit cannot be a final appealable judgment unless the motion alleges the specific grounds just quoted from § 6–408; the parties already have been precluded from further proceedings in the orphans' court by the passing of the revisory time period.

Under Maryland Rule 2–534, the time for appealing a judgment is tolled when a motion to alter or amend that judgment is filed within ten days of its entry. Title 2 of the Md. Rules, however, generally does not govern proceedings in an orphans' court. Md. Rule 1–101; *Anthony v. Clark,* 335 Md. 579, 644 A.2d 1070 (1994). Title 2 can only be applied on

that court's own motion or on motion of a party, after notice to the parties and an opportunity to be heard. Neither the parties nor the judge in this case ever mentioned the application of Rule 2–534. Thus, Appellant's motion was treated as a motion for reconsideration and did not toll the time for appealing the original judgment. *See Thomason v. Bucher,* 266 Md. 1, 5, 291 A.2d 437, 439 (1972) (motion for reconsideration is a proper proceeding in an orphans' court, but does not toll the time for noting an appeal).

■ All revisory motions filed in an orphans' court, therefore, are to be treated in the same manner as motions made in a circuit court under Rule 2–535, which have no effect upon the running of the thirty-day appeal period. This is true regardless of whether the revisory motion is filed within ten days of the original judgment or order.

This appeal was noted on August 30, 1994, which was more than thirty days after the original judgment, but within thirty days of the decision on the motion for reconsideration. As the motion was filed within the thirty-day revisory period, this appeal is timely as to that motion only, and our scope of review must be limited to whether the trial judge abused his discretion in declining to reconsider the judgment. *See Burtoff v. Burtoff,* 321 Md. 631, 584 A.2d 63 (1991); *Owen v. Freeman,* 279 Md. 241, 367 A.2d 1245 (1977) (appeal lies from an order refusing to strike a judgment, but the trial judge must specifically exercise his discretion, and the scope of review will be limited to abuse of discretion); *First Federated Commodity Trust Corp. v. Comm'r of Sec.,* 272 Md. 329, 322 A.2d 539 (1974) (appeal from order dismissing motion to vacate held timely, but scope of review limited to abuse of discretion); *S & G Realty Co., Inc. v. Woodmoor Realty Corp.,* 255 Md. 684, 259 A.2d 281 (1969) (appeal filed more than thirty days after original judgment, but within thirty days of decision on motion to set aside or modify decree treated as one solely from decision on motion, and abuse of discretion standard applied); *Monumental Eng., Inc. v. Simon,* 221 Md. 548, 158 A.2d 471 (1960) (appeal filed more than thirty days after

original judgment, but within thirty days of decision on motion to vacate decree was dismissed).[4]

## III

In making his decision regarding the motion for reconsideration, the trial judge should have considered whether there was a reasonable indication that the estate had a meritorious defense, that is, " 'whether the court entertained a reasonable doubt that justice had not been done.' " *J.B. Corp. v. Fowler,* 258 Md. 432, 435, 265 A.2d 876, 877 (1970) (quoting *Clarke Baridon v. Union Asbestos and Rubber Co.,* 218 Md. 480, 147 A.2d 221 (1958)). If there were reasonable indicia that justice had not been done by permitting Marth's claim to proceed, denial of the motion for reconsideration would have constituted an abuse of discretion. In the instant case, we hold that there were no such indications that the estate had a meritorious defense.

The time limitations for presentation of various claims against the estate of a decedent are governed by Md.Code (1974, 1991 Repl.Vol.), §§ 8–101, 8–103, and 8–104 of the Estates and Trusts Article. As Marth's claim is based on contractual services rendered to a personal representative, it is properly analyzed under § 8–103(c). To preserve a claim based on a contract with the personal representative, a claimant must commence an action within six months of the time the claim arose.[5] Such claimant may choose to litigate the

---

4. We note that if the notice of appeal had been filed after the motion for reconsideration, but prior to a decision on that motion, and within thirty days of the original judgment, the Orphans' Court judge would no longer have jurisdiction to decide the motion. *See Unnamed Attorney v. Attorney Grievance Comm'n,* 303 Md. 473, 486, 494 A.2d 940, 946 (1985). "[U]nless the appeal [has been] dismissed when the motion comes on for hearing, the appellant must elect between his motion and his appeal. If the appeal is dismissed before the hearing ..., the motion stands for hearing as though no appeal has been entered." *Tiller v. Elfenbein,* 205 Md. 14, 21, 106 A.2d 42, 45 (1954).

5. Commencing an action must be distinguished from the presentation required under the general limitations clause found in § 8–103(a).

dispute with the personal representative in the orphans' court by filing a petition for allowance of the claim. *See* § 8–107(c) of the Estates and Trusts Article; *Schaefer v. Heaphy,* 45 Md.App. 144, 152, 412 A.2d 107, 112 (1980).

Even if an action is commenced beyond this six-month limitations period, however, a personal representative may be estopped to assert the statute of limitations as a defense if the delay in commencing an action was induced by the personal representative. *See Cornett v. Sandbower,* 235 Md. 339, 342, 201 A.2d 678, 679 (1964); *Chandlee v. Shockley,* 219 Md. 493, 502, 150 A.2d 438, 443 (1958). In *Bogart v. Willis,* 158 Md. 393, 148 A. 585 (1930), we held that the plaintiff's claim was not barred because, after the limitations period had run, the executor admitted to the claimant his obligation to pay. 158 Md. at 407, 148 A. at 591. "Any other construction would permit a defendant to play fast and loose, and claim the benefits of the statute while at the same time leading the plaintiff to believe that he proposed to pay the claim." *Id.,* 148 A. at 590.

In the case at bar, Marth's forbearance in pursuing payment was induced by the assurances of Grimberg that there was not enough money in the estate to pay the bill and that the bill would be paid after the decedent's house was sold. Regardless of when the claim arose under the statute and whether an action was commenced within six months, the estate is estopped to assert the statute of limitations as a defense.

"[I]t is now well established that 'an estoppel may arise even where there is no intent to mislead, if the actions of one party cause a prejudicial change in the conduct of the other.' Indeed, all that is needed to create an equitable

---

Presentation consists of delivery of the claim to the personal representative, § 8–104(b), filing the claim with the Register of Wills, § 8–104(c), *or* commencement of an action, § 8–104(d). Filing a claim with the Register of Wills and commencing an action, therefore, are mutually exclusive actions.

estoppel is (1) voluntary conduct or representation, (2) reliance, and (3) detriment."

*Lampton v. LaHood,* 94 Md.App. 461, 475–76, 617 A.2d 1142, 1149 (1993) (quoting *Knill v. Knill,* 306 Md. 527, 534–35, 510 A.2d 546, 549–50 (1986)). All three elements are present here, as there was sufficient evidence relied upon by the trial judge that Grimberg represented to Marth that the bill would be paid upon the sale of the decedent's house, and Marth relied to her detriment on that representation in not pursuing her claim. Grimberg acknowledges that the estate had a contract with Marth, that partial payment was made, and that money remains due and owing. As late as the hearing on the motion to alter or amend, the estate admitted its debt to Marth. In attempting to accommodate the estate, Marth has been denied payment for almost four years. *See also Booth Glass Co. v. Huntingfield Corp.,* 304 Md. 615, 624, 500 A.2d 641, 645 (1985) (conduct of parties will toll statute if the defendant made any inducements not to file suit or indicated that limitations would not be pled).

There are no indications in the record that justice was not done in this case or that the estate had a meritorious defense. Judge Ruben properly exercised his discretion in denying the motion for reconsideration.

*JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANTS.*