UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY,
Plaintiff-Appellee,

v.

ARNOLD MEKILIESKY,
Defendant-Appellant,                                         No. 97-2338

and

METRO PROPERTIES MANAGEMENT,
INCORPORATED; MICHAEL KLEIN;
JASMINE WARREN; TONYA GILL,
Defendants.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Joseph H. Young, Senior District Judge.
(CA-96-1502-Y)

Submitted: July 7, 1998

Decided: August 13, 1998

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lee Baylin, Harry M. Rifkin, LEVIN & GANN, P.C., Baltimore,
Maryland, for Appellant. William Carlos Parler, Jr., Jennifer Silver

Cavey, PARLER & WOBBER, L.L.P., Towson, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This appeal stems from a dispute as to whether an insurance policy issued by Nationwide Mutual Fire Insurance Company ("Nationwide") to Arnold Mekiliesky covers liability for a pending lead poisoning case against Mekiliesky. We affirm the district court's order granting judgment to Nationwide.

In 1990, Mekiliesky purchased insurance from Nationwide to cover his business, personal home, cars, and four rental properties. In 1991, Nationwide added a new lead exclusion provision to all of its policies, which covered Mekiliesky's rental properties. Nationwide added this endorsement to the policies at the time of the policies' annual review, and in effect placed its policyholders on notice of the change by mailing a copy of the endorsement, a stuffer highlighting the exclusion, with a reference to the new endorsement with an asterisk on the renewal declaration. The notice was mailed in July 1991, to become effective August 27, 1991.

Tonya Gill began residing at 1602 N. Port Street, one of Mekiliesky's rental properties, some time between March 1990 and March 1991. Her daughter, Jasmine Warren, born in August 1991, was diagnosed in late November 1992 with an elevated blood lead level of 22 micrograms per deciliter. Alleging that Warren was exposed to lead-based paint at 1602 N. Port Street, on April 20, 1996, Gill filed suit against Mekiliesky in Baltimore City Circuit Court seeking one million dollars in damages.

2

By way of declaratory judgment filed by Nationwide and a subsequent counterclaim filed by Mekiliesky, the district court was presented with the issue of whether Nationwide was under a legal duty to indemnify or defend Mekiliesky in the Warren case. Applying Maryland law, the district court concluded that Nationwide's mailing constituted sufficient notice of the lead exclusion, that Mekiliesky was sent and that he received the mailing, and that the exclusion became effective August 27, 1991. Because Gill did not allege nor did the evidence show lead exposure to Warren prior to the effective date of the exclusion, the court further found that Nationwide did not have a duty to defend Mekiliesky. The court, therefore, granted judgment to Nationwide.

We review the district court's conclusions of law de novo. Yarmouth Sea Prods. Ltd. v. Scully, 131 F.3d 389, 393 (4th Cir. 1997). We first address whether Nationwide sent the documents signifying the policy change, namely the endorsement and stuffer, to Mekiliesky and whether Mekiliesky received them.* Mekiliesky contends that he did not receive the pertinent documents because he cannot locate them in his case files. Under Maryland law, a presumption of delivery and receipt of mail arises when the material in question is properly mailed. See Benner v. Nationwide Mut. Ins. Co., 93 F.3d 1228, 1234 (4th Cir. 1996) (citing Border v. Grooms, 297 A.2d 81, 83 (Md. 1972)). Evidence of ordinary business practices concerning the mailing of notices is sufficient to create the presumption of both sending and receiving. See id. While the presumption may be rebutted so as to create a question of fact, testimony by the addressee that he did not receive, or does not remember receiving, the material is not conclusive. See id. at 1234-35. The trier of fact should consider this factor along with all the other evidence presented in the case.

In this case, Nationwide presented testimony that documents were mailed to all Maryland policyholders in accordance with the company's normal procedure. Nationwide's underwriting designee specifically testified as to the exact nature of the company's "normal

_____

*Because the Appellant does not claim error with respect to the court's determination that Nationwide's endorsement and stuffer sufficiently placed its policyholders on notice of the change in coverage, we do not address this issue.

3

procedure" with regard to new endorsements and stuffers. The court heard considerable testimony from Nationwide personnel, including Mekiliesky's Nationwide agent, and Mekiliesky's office manager, who was responsible for dealing with insurance matters for Mekiliesky. In light of all the evidence presented, we cannot find error in the court's determination that the relevant documents were sent to and received by Mekiliesky.

As noted by the district court, in Maryland the duty to defend is broader than the duty to indemnify, because the duty to defend is triggered if the policy, the complaint, and any extrinsic evidence reveals the potentiality that the claim could be covered under the policy. See Litz v. State Farm Fire & Cas. Co., 695 A.2d 566, 569-70 (Md. 1997). Here, in order for Nationwide's duty to defend to have been triggered, Warren had to have been exposed to the lead-based paint prior to August 27, 1991, the effective date of the lead exclusion. The complaint does not allege lead exposure by Warren at any time prior to that date. Furthermore, there was no evidence that Warren's mother had an elevated lead level during pregnancy or that Warren had symptoms of lead poisoning when she was born. Expert testimony was also introduced that given the half life of lead in the human body, the lead in Warren's system on the date of diagnosis, November 24, 1992, was likely due to a fairly recent exposure. In light of the complaint and all of the extrinsic evidence presented, we agree with the court's determination that no potentiality of coverage over the subject claim existed and therefore Nationwide did not have a duty to defend or indemnify Mekiliesky in the Warren action.

Accordingly, we affirm the order of the district court granting judgment to Nationwide. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

AFFIRMED

4